United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40147
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOSE DEL CARMEN RANGEL-CARBAJAL,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-924-1
--------------------

Before REAVLEY, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Jose Del Carmen Rangel-Carbajal ("Rangel") appeals his

convictions for conspiracy to possess with intent to distribute

over five kilograms of cocaine and aiding and abetting the

possession with intent to distribute over five kilograms of

cocaine.  Rangel argues that the identification of him from a

single photograph display violated his due process rights.  This

argument is without merit.  Although the single photograph

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

display was impermissibly suggestive, see Hudson v. Blackburn, 601 F.2d 785, 788 (5th Cir. 1979), an examination of the totality of the circumstances reveals that the suggestiveness did not lead to "a substantial likelihood of irreparable misidentification." United States v. Burbridge, 252 F.3d 775, 780 (5th Cir. 2001) (citations omitted); see also Allen v. Estelle, 568 F.2d 1108, 1113-14 (5th Cir. 1978).

Rangel also challenges the sufficiency of the evidence. However, the evidence at trial, viewed in the light most favorable to the verdict, sufficiently established Rangel's knowledgeable participation in a cocaine conspiracy. See United States v. Villarreal, 324 F.3d 319, 324 (5th Cir. 2003) (knowledge of drug conspiracy may be inferred from large amount and value of cocaine in vehicle); United States v. Diaz-Carreon, 915 F.2d 951, 954-55 (5th Cir. 1990) (guilty knowledge may be inferred from inconsistent statements and implausible explanations of defendant); United States v. Booker, 334 F.3d 406, 410 (5th Cir. 2003) (uncorroborated co-conspirator testimony is sufficient to support a conviction unless legally incredible). The evidence was also sufficient to support Rangel's aiding and abetting conviction. See United States v. Gonzales, 121 F.3d 928, 936 (5th Cir. 1997).

AFFIRMED.